**FRENCH et al. v. COLBY et al.**

No. 8798.

United States Court of Appeals
District of Columbia.

Decided March 12, 1945.

Mr. Harry C. Bierman, of New York City, for appellants.

Mr. Herbert B. Barlow, of Providence, R. I., with whom Mr. Earle D. Crammond, of Washington, D. C., was on the brief, for appellees.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

MILLER, Associate Justice.

This is a proceeding under R.S. 4915.[1] The invention in dispute is an integrally woven ladder web for venetian blinds, the web consisting of two vertical outer bands having cross-straps therein on which the slats of a venetian blind may rest. Prior to the present invention, when two vertical outer bands were made of different colors for decorative purposes, the interweaving of threads of the two colors to make the cross-straps resulted in showing specks of different colors in the areas where the cross-straps were bound-in with the outer bands. The present invention overcomes the defect by making the warp threads of the cross-straps in two colors; each alternate thread being of the color of one of the outer bands and the other alternate thread being the color of the other outer band; the binding-in of the cross-strap warp thread being accomplished in such manner as to bind in only the corresponding color in each of the bands; the process being more elaborately described in Count 1 set out in the margin.[2] The Patent Office concluded that appellant, George Frederick French, was the first to conceive and disclose the invention. The District Court, on the other hand, awarded priority to Colby.

Colby's date of disclosure is March 6, 1939. Whether French is entitled to an earlier date depends upon the interpretation which should be placed upon the following facts: [1] On January 27, 1939, appellants sent, from their office in England, to their office in New York, a letter,[3] directed to the attention of Mr. Harris, which described the invention and enclosed a sample; [2] this letter was received during the first week of February by Miss Donovan and

---

[1] 35 U.S.C.A. § 63.

[2] "An integrally woven ladder construction consisting of two main webs having exterior faces of differing color characteristics, connected at their interior faces by cross tapes having color characteristics which include the color characteristics of both of the outer webs as a result of the cross tapes being constructed of wefts and of warps part of which possess the color characteristics of one main web and which are interwoven into only that main web, and the other part of which possess the color characteristics of the opposite main web and which are interwoven into only said opposite main web, while the warps which possess the unlike color charac-teristics of the main web extend over and adjacent to the inner surface of that main web, whereby each main tape is free on its exterior surface from the color characteristic of the opposite main web."

[3] "One of the troubles with 2-tone ladder web has been the speck marks where cross and body tapes of different colour join together. Two of our tacklers have just overcome this difficulty—see sample enclosed. Mr. Gibbons will easily be able to solve the technical side of it. You will see that the cross tape is in both colours of which only the appropriate one is bound into each body. The strength of binding is not quite as much as before, but quite adequate."

884

Mr. Harris; [3] on February 27, 1939, Miss Donovan prepared a memorandum which described the ladder web in issue and the fact that Harris was to discuss it with Gibbons, manager of appellants' mill at Fall River, Massachusetts; [4] Harris went to Fall River, with the memorandum and the French sample and disclosed the ladder web to Gibbons "early in March, 1939;" [5] the first written record made by Gibbons concerning the invention is a chain draft, dated March 10, 1939.

The trial judge concluded as a matter of law: "For a date of invention to be established in this country by reason of the introduction of a foreign invention, some person in this country must be capable of understanding the invention and the date of such person's understanding the invention is the date established." He found as facts that Gibbons was the only technical French affiliate in the United States who could understand the invention and that the earliest proven date of knowledge and understanding of the invention was March 10, 1939. On this appeal, appellees conceded that Harris showed the sample product to Gibbons before March 6, 1939, but denied that this constituted a disclosure and argued that "it was necessary for him to examine a specimen under a magnifying glass in order to understand it;" consequently, that French cannot go back of March 10, 1939, the date which appears on the chain draft prepared by Gibbons.

We agree with the Patent Office that French is entitled to a date early in February, 1939, when his letter was received in New York.[4] The letter specified the problem to be solved, described the solution, and enclosed a sample. The invention is sufficiently simple [5] to be understood, even by a non-expert person. But in any event, it passes belief that Gibbons, an admitted specialist, who had been working toward a solution of the same problem, should have had the slightest difficulty in understanding the invention when the sample was shown to him prior to March 6, 1939.

Reversed.

---

[4] See Winter v. Latour, 35 App.D.C. 415; see, generally, 1 Rivise and Caesar, Interference Law and Practice (1940) § 116.

[5] Sydeman v. Thoma, 32 App.D.C. 362, 373; McGrath v. Burke, 56 App.D.C. 220, 12 F.2d 161.